# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

EDWARD L. ROCKENSOCK IV,

    Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION
and CARDINAL FINANCIAL COMPANY,
LP

    Defendants.

CASE NO. 3:26-cv-00495

---

## ANSWER

---

Defendant Cardinal Financial Company, LP ("Cardinal"), by and through its undersigned counsel, responds to Plaintiff Edward L. Rockensock IV's ("Plaintiff") Complaint for Damages (the "Complaint") as follows:

## WHY ROCKENSOCK IS BRINGING THIS CASE[1]

1. Cardinal admits only that the Complaint asserts claims relating to alleged escrow-account errors, delinquency-related fees, and Defendants' responses to Plaintiff's written Notices of Error and Requests for Information pursuant to Regulation X and the Real Estate Settlement Procedures Act ("RESPA").

2. Cardinal admits only that servicing of Plaintiff's loan transferred from Dovenmuehle Mortgage, Inc. to ServiceMac, LLC on September 1, 2024. Cardinal denies the remaining allegations in Paragraph 2.

---

[1] Cardinal has included the headings in the Complaint to assist in reading the pleadings and does not admit the accuracy of those headings to the extent that they can be construed as allegations of fact.

1

3. Cardinal admits only that the Complaint asserts claims arising under RESPA and Regulation X and seeks relief related thereto. Cardinal denies that Plaintiff is entitled to relief of any kind from Cardinal and demands strict proof thereof.

4. Cardinal admits only that the Complaint asserts claims arising under the Fair Debt Collection Act ("FDCPA"). Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 4 and, therefore, denies them.

5. Cardinal admits only that the Complaint assert breach of contract claims against Cardinal and Defendant Freedom Mortgage Corporation ("Freedom"). Cardinal denies that it breached any contract with Plaintiff. Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 5 and, therefore, denies them.

## PARTIES, JURISDICTION, AND VENUE

6. Admitted on information and belief.

7. Cardinal states that the promissory note (the "Note") and deed of trust (the "Deed of Trust," collectively with the Note, the "Loan") attached to the Complaint as Collective Exhibit 1 speak for themselves and deny any allegations inconsistent with the Note and Deed of Trust.

8. Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 8 and, therefore, denies them.

9. Cardinal states that Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 9 and, therefore, denies them.

10. Cardinal admits only that its principal place of business is located at 3530 Toringdon Way Ste 200, Charlotte, North Carolina 28277 and that it was served via its registered agent, Registered Agent Solutions, Inc.

2

11.	Denied.

12.	Cardinal states that this Court has subject matter jurisdiction over this action.

13.	Cardinal states that Paragraph 13 states legal conclusions to which no response is required.

14.	Cardinal states that venue is proper in this Court.

## SUMMARY OF CLAIMS

15.	Cardinal admits that the Complaint asserts claims arising under RESPA and Regulation X. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

16.	Cardinal admits that the Complaint asserts claims arising under RESPA and Regulation X. Cardinal denies violating RESPA or Regulation X.

17.	Cardinal states that Paragraph 17 states legal conclusions to which no response is required.

18.	Cardinal states that Paragraph 18 states legal conclusions to which no response is required.

19.	Cardinal states that Paragraph 19 states legal conclusions to which no response is required.

20.	Cardinal states that Paragraph 20 states legal conclusions to which no response is required.

21.	Cardinal states that Paragraph 21 states legal conclusions to which no response is required.

22.	Cardinal states that Paragraph 22 states legal conclusions to which no response is required.

23. Cardinal states that the Loan speaks for itself and denies any allegations inconsistent with the Loan.

24. Cardinal states that Paragraph 24 states legal conclusions to which no response is required.

## FACTUAL BACKGROUND

25. Denied.

26. Denied.

27. Cardinal states that the correspondence referenced in Paragraph 27 speaks for itself and denies any allegations inconsistent with the correspondence. Cardinal denies the remaining allegations in Paragraph 27.

28. Cardinal admits only that Plaintiff's monthly payment increased, that Plaintiff disputed the amount due and owing, and that a refund was applied to his escrow account in August 2022. Cardinal denies the remaining allegations in Paragraph 28.

29. Cardinal states that any rejection of payments and fees applied to Plaintiff's account were done pursuant to the terms of the Loan. Plaintiff denies the remaining allegations in Paragraph 29.

30. Cardinal states that the phrase "[f]or all times relevant" is vague and ambiguous. Plaintiff further states that Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Cardinal admits only that the address contained in Paragraph 30 was provided to Plaintiff.

31. Cardinal states that notice of error attached as Exhibit 2 to the Complaint speaks for itself and denies any allegations inconsistent with Exhibit 2.

32. Cardinal states that the correspondence referenced in Paragraph 32 speaks for itself and denies any allegations inconsistent with the correspondence. Cardinal denies that the correspondence referenced in Paragraph 32 failed to address the issues raised in Plaintiff's notice of error.

33. Cardinal admits only that Plaintiff made a payment of $21,614.41 and that the Loan was brought current by that payment. Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 33 and, therefore, denies them.

34. Denied.

35. Cardinal admits only that servicing of the Loan transferred to Freedom in September 2025. Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 35 and, therefore, denies them.

36. Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 36 and, therefore, denies them.

37. Cardinal states that the mortgage statement attached to the Complaint as Exhibit 3 speaks for itself and denies any allegations inconsistent with the mortgage statement.

38. Cardinal states that the mortgage statement attached to the Complaint as Exhibit 4 speaks for itself and denies any allegations inconsistent with the mortgage statement.

39. Cardinal states that the escrow account disclosure statement attached to the Complaint as Exhibit 5 speaks for itself and denies any allegations inconsistent with the escrow account disclosure statement.

40. Cardinal states that the escrow statement and transaction history referenced in Paragraph 40 speak for themselves and denies any allegations inconsistent with the escrow

statement and transaction history. Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 40 and, therefore, denies them.

41. Cardinal states that the mortgage statement attached to the Complaint as Exhibit 6 speaks for itself and denies any allegations inconsistent with the mortgage statement.

42. Cardinal states that Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 42 and, therefore, denies them.

43. Cardinal states that the notice of error attached as Exhibit 7 to the Complaint speaks for itself and denies any allegations inconsistent with the notice of error.

44. Cardinal states that the notice of error attached as Exhibit 7 to the Complaint speaks for itself and denies any allegations inconsistent with the notice of error.

45. Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 45 and, therefore, denies them.

46. Cardinal states that the correspondence referenced in Paragraph 46 speaks for itself and denies any allegations inconsistent with the correspondence.

47. Cardinal states that the correspondence attached as Exhibit 8 to the Complaint speaks for itself and denies any allegations inconsistent with the correspondence.

**IMPACT AND DAMAGES**

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

6

<strong><u>COUNT ONE</u></strong><br>
<strong>VIOLATIONS OF 12 C.F.R § 1024.35(e) AND 12 U.S.C. § 2605(k)</strong><br>
<strong>(Against Freedom)</strong>

53. Cardinal incorporates its responses to the foregoing Paragraphs as if expressly stated herein.

54. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

55. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

56. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

57. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

58. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

59. Cardinal states that the law of RESPA and Regulation X speaks for itself and denies any allegations inconsistent with the law of RESPA and Regulation X.

60. Cardinal states that Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Cardinal states that the notice of error attached to the Complaint as Exhibit 7 speaks for itself and denies any allegations inconsistent with the notice of error.

61. Cardinal states that the notice of error attached to the Complaint as Exhibit 7 speaks for itself and denies any allegations inconsistent with the notice of error.

7

62. Cardinal states that the notice of error attached to the Complaint as Exhibit 7 speaks for itself and denies any allegations inconsistent with the notice of error.

63. Cardinal lacks sufficient information to admit or deny the allegations in Paragraph 63 and, therefore, denies them.

64. Cardinal states that the correspondence attached to the Complaint as Exhibit 8 speaks for itself and denies any allegations inconsistent with the correspondence.

65. Cardinal states that the correspondence attached to the Complaint as Exhibit 8 speaks for itself and denies any allegations inconsistent with the correspondence.

66. Cardinal states that the correspondence attached to the Complaint as Exhibit 8 speaks for itself and denies any allegations inconsistent with the correspondence.

67. Cardinal states that the correspondence attached to the Complaint as Exhibit 8 speaks for itself and denies any allegations inconsistent with the correspondence.

68. Cardinal states that the mortgage statement attached to the Complaint as Exhibit 6 speaks for itself and denies any allegations inconsistent with the mortgage statement.

69. Cardinal states that Paragraph 69 states legal conclusions to which no response is required.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Cardinal states that the documentation referenced in Paragraph 75 speaks for itself and denies any allegations inconsistent with that documentation. Cardinal lacks sufficient

information to admit or deny the remaining allegations in Paragraph 75 and, therefore, denies them.

76.     Cardinal states that the narratives attached to the Complaint as Exhibit 9 speak for themselves and denies any allegations inconsistent with the narratives.  Cardinal lacks sufficient information to admit or deny the remaining allegations in Paragraph 76 and, therefore, denies them.

77.     Cardinal states that Paragraph 77 does not contain any factual allegations to which a response is required.

**COUNT TWO**
**VIOLATIONS OF 15 U.S.C. §§ 1692, *et seq.***
**(Against Freedom)**

78.     Cardinal incorporates its responses to the foregoing Paragraphs as if expressly stated herein.

79.     Cardinal states that the law of the FDCPA speaks for itself and denies any allegations inconsistent with the law of the FDCPA.

80.     Cardinal states that the law of the FDCPA speaks for itself and denies any allegations inconsistent with the law of the FDCPA.

81.     Cardinal states that the law of the FDCPA speaks for itself and denies any allegations inconsistent with the law of the FDCPA.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

9

87. Denied.

## COUNT THREE
**Breach of Contract**
**(Against Freedom)**

88. Cardinal incorporates its responses to the foregoing Paragraphs as if expressly stated herein.

89. Freedom states that the Loan speaks for itself and denies any allegations inconsistent with the Loan.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT FOUR
**VIOLATIONS OF 12 C.F.R. § 1024.35(e) AND 12 U.S.C. § 2605(k)**
**(Against Cardinal)**

97. Cardinal incorporates its responses to the foregoing Paragraphs as if expressly stated herein.

98. Cardinal states that the notice of error attached to the Complaint as Exhibit 2 speaks for itself and denies any allegations inconsistent with Exhibit 2.

99. Cardinal states that Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Cardinal states that the notice of error attached to

the Complaint as Exhibit 2 speaks for itself and denies any allegations inconsistent with Exhibit 2.

100. Cardinal states that the notice of error attached to the Complaint as Exhibit 2 speaks for itself and denies any allegations inconsistent with Exhibit 2.

101. Cardinal admits only that it received the notice of error referenced in Paragraph 101. Cardinal states that the correspondence referenced in Paragraph 101 speaks for itself and denies any allegations inconsistent with the correspondence.

102. Denied.

103. Cardinal states that the correspondence referenced in Paragraph 101 speaks for itself and denies any allegations inconsistent with the correspondence. Cardinal denies the remaining allegations in Paragraph 103.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Cardinal states that Paragraph 110 does not contain any factual allegations to which a response is required.

111. Cardinal states that Paragraph 111 does not contain any factual allegations to which a response is required.

11

## COUNT FIVE
### Breach of Contract
### (Against Cardinal)

112. Cardinal incorporates its responses to the foregoing Paragraphs as if expressly stated herein.

113. Cardinal states that the Loan speaks for itself and denies any allegations inconsistent with the Loan.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

### PRAYER FOR RELIEF

In response to Plaintiff's **WHEREFORE** Paragraph and corresponding subparagraphs, Cardinal denies that Plaintiff is entitled to relief of any kind from Cardinal and demands strict proof thereof.

12

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading, proof, or persuasion otherwise resting Plaintiff, and without conceding that any of the following necessarily must be pleaded as an affirmative defenses, Cardinal asserts the following affirmative and other defenses:

1. Plaintiff has failed to state a cause of action against Cardinal for which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because they are moot.

3. Plaintiff's claims are barred in whole or in part by their respective statutes of limitation.

4. Plaintiff's claims are barred in whole or in part because Cardinal is not vicariously liable for the alleged conduct of any other person or entity for the wrongdoing alleged in the Complaint.

5. Cardinal did not breach any duty or obligation allegedly owed to Plaintiff.

6. Plaintiff's claims are barred in whole or in part by the contracts at issue.

7. Plaintiff's claims are barred in whole or in part because Plaintiff failed to meet his obligations under the terms of the contracts at issue.

8. Cardinal performed its obligations under the Loan.

9. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

10. Plaintiff's claims are barred in whole or in part by his failure to do equity.

11. Plaintiff's damages, if any, were caused in whole or in part by his own actions and/or the actions of his agents.

12. Plaintiff has failed to mitigate her damages, if any.

13. To the extent Plaintiff is entitled to damages, Cardinal is entitled to a setoff equal to any amount owed to it.

14. Plaintiff's allegations fail to form the basis for an award of attorney's fees.

15. Cardinal reserves the right to amend its Answer and Affirmative Defenses as this case progresses.

## PRAYER FOR RELIEF

WHEREFORE, Cardinal respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. This action be dismissed with prejudice in its entirety;

3. Cardinal recover from Plaintiff its attorneys' fees and costs incurred in defending this action; and

4. This Court grant any and all further relief to which Cardinal is entitled.

Respectfully submitted this the 2nd day of June, 2026.

/s/ Erik Halvorson
Russel B. Morgan (TN Bar No. 020218)
Erik Halvorson (TN Bar No. 040260)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 252-2311
F: (615) 252-6342
rmorgan@bradley.com
ehalvorson@bradley.com

*Attorneys for Cardinal Financial Company, LP*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to all parties registered with the Court's electronic filing system.

*/s/Erik Halvorson*
Erik Halvorson

15